## McIntosh's Estate. Fleming's Executors' Appeal.

*Practice, O. C.—Effect of stating account—Execution.*

The statement of an account in the orphans' court is not an admission that the balance shown is actually in the accountant's hands, and has not been paid over. The decree of distribution is a judicial ascertainment of the shares of the parties interested, but it does not necessarily follow that execution must issue; a rule to show cause must first issue, and if it appear that the amount has been paid, the accountant has a right to have the record satisfied.

*Executors and administrators—Guardian and ward—Sureties.*

Where a guardian collects the assets of the decedent's estate, pays the debts, and retains the surplus as guardian of decedent's minor children, the fact that the administratrix charges herself in her account with the surplus, which she has never received, is not conclusive of her liability. In such case, as the guardian received all of the assets, there is no reason why the surplus should be paid over to the administratrix only to be returned to the guardian, and the sureties on the guardian's bond are liable.

Argued Nov. 8, 1893. Appeal, No. 277, Oct. T., 1893, by the executors of Joseph Fleming, deceased, from decree of O. C. Allegheny Co., April T., 1891, No. 48, discharging Fredericka McIntosh, administratrix of Kenneth McIntosh, from lien for balance shown by her account as administratrix. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition by administratrix to be discharged from liability on balance shown by her account.

The facts appear by the following opinion of the court below, by HAWKINS, P. J.:

" J. K. Fleming appointed in May 26, 1883, guardian of the minor children of K. McIntosh, deceased, acting as the agent of Mrs. McIntosh, administratrix, collected the assets, paid the debts, and retained the surplus, etc., and thereafter became insolvent and was discharged from his trust as guardian. In 1891, Mrs. McIntosh filed an account of her administration in which she charged herself with the assets so collected, and credited herself with the debts so paid and showed a balance for distribution, of which $4,213.37 was by decree of this court directed to be paid the Safe Deposit & Trust Company, guar-

dian succeeding said Fleming, although in fact she had never received any part of said assets. Fleming had in the meantime filed an account which did not, but afterwards filed a supplemental account which did, include this amount of the decree. To this supplemental account the guardian filed exceptions. The facts above stated having been shown, these exceptions were dismissed and the balance shown by the decree was paid by these respondents as sureties on the bond of J. K. Fleming, guardian. The administratrix now asks that the record of the balance shown by her account be satisfied, and respondents object, because the collection of assets having been made by Fleming, as her agent, were her collections, and the decree on account, still standing, is conclusive, until set aside, of her primary liability.

" The respondents are also sureties on the bond of the administratrix, who has some separate estate.

" The objection made by the respondents is without merit. The duty of the administratrix was to pay over, and that of the guardian to receive the surplusage of the estate in due course of administration. The guardian admittedly received all the personal assets, and having paid thereout the debts, there was no reason why the surplusage should have been paid over to the administratrix only to be returned. The fund belonged to him. The decree on his account was a judicial ascertainment of the fact that he had received and was liable for it, and necessarily of the liability of these respondents who were his sureties. The only remedy was by appeal, and this was not taken. Respondents' payment of the amount was distinct recognition of the justice of the decree. The administratrix owed them no duty. All the objects of administration having been accomplished, her liability had ceased. The respondents were by the terms of their bond sureties for the conduct of the guardian ; it was for his default they answered with full knowledge of all the facts which are now presented, and it is immaterial to them that decree of distribution stands against the administratrix on her account. The statement of account in this court is not an admission that the balance shown was actually in her hands and had not been paid over : Snyder v. Com., 62 Pa. 153. The decree of distribution was a judicial ascertainment of the shares of the parties interested, but it did

not necessarily follow that execution must issue; a rule to show cause must first issue, and it appearing that the amount had been paid, the administratrix had a right to have the record satisfied.   The present proceeding, having developed the fact of payment to the party legally entitled, must be treated as the equivalent of a rule to show cause, and the prayer of the petitioner granted."

The following exceptions were filed by appellants: The court erred (1) in finding that the surplusage of the estate of decedent, as shown by petitioner's account, has been fully paid and discharged; (2) in decreeing that said balance be declared to be fully paid and discharged; (3) in decreeing that petitioner be fully relieved and discharged from the lien for said balance; (4) in not decreeing that exceptants were entitled to be subrogated to all the rights and remedies of the Safe Deposit & Trust Co., guardian, and J. Kidd Fleming, to receive said sum of $4,213.37 from the petitioner and those who in equity should pay the same; (6) in not dismissing the petition [1–5].

Exceptions dismissed, thereupon exceptants appealed.

*Errors assigned* were (1–5) dismissing exceptions, quoting them.

*John D. Shafer*, *William Yost* with him, for appellants, cited: Simpson's Ap., 18 W. N. 175; Van Dyke's Ap., 4 W. N. 283; Musselman's Ap., 101 Pa. 165; Conkey v. Dickinson, 13 Metc. 51; Miller v. Congdon, 14 Gray, 114; Act of March 29, 1832, P. L. 197.

*W. W. Whitesell* and *Thomas Patterson*, for appellee, not heard, cited: McCormick's Adm'rs v. Irwin, 35 Pa. 111; Bender v. George, 92 Pa. 36; Keely v. Cassidy, 93 Pa. 318; Ackerman's Ap., 106 Pa. 1; Miller's Ap., 119 Pa. 631; Moorhead v. Com., 1 Grant, 214; Garber v. Com., 7 Pa. 265; Com. v. Gracey, 96 Pa. 7; Com. v. Snyder, 62 Pa. 153.

PER CURIAM, November 14, 1893:

The questions presented in this case were correctly decided by the orphans' court, and we affirm the decree on the opinion of the learned president of that court.

Decree affirmed and appeal dismissed with costs to be paid by appellants.